UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE CINCINNATI INSURANCE COMPANIES,

        Plaintiff,

v.

INTERLOCHEN CENTER FOR THE ARTS,

        Defendant.
_____/

Case No. 1:02-CV-745

HON. RICHARD ALAN ENSLEN

**JUDGMENT**

      This matter is before the Court on Plaintiff's Motion for Further Relief. Plaintiff requests the Court to reduce its previous Judgment in this case, entered on July 31, 2003, to a money judgment in the amount of $110,549.87. The previous Judgment ordered Defendant to reimburse Plaintiff for any and all attorneys' fees paid by Plaintiff for work by counsel hired by Plaintiff in connection with the counterclaim brought against Defendant by Interlocken International Camp, Inc., d/b/a/ Interlocken Center for Experiential Learning. Plaintiff paid Defendant $110,549.87 in attorneys' fees in connection with this counterclaim. According to Plaintiff, Defendant has refused to reimburse Plaintiff for these attorneys' fees.

      Under 28 U.S.C. § 2202, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." Several courts have awarded attorneys' fees under this section. *See, e.g., Cont'l Cas. Co. v. Assicurazioni Generali,* 903 F. Supp. 990 (S.D. W.Va. 1995); *Nat'l Union Fire Ins. Co. v. Structural Sys. Tech., Inc.*, 764 F. Supp. 145 (E.D. Mo. 1991); *Haley v. Cont'l Cas. Co.,* 749 F. Supp. 560 (D. Vt. 1990); *Omaha Indem. Ins. Co. v. Cardon Oil Co.,* 687 F. Supp. 502 (N.D. Cal. 1988). Therefore, the Court finds that entry of a judgment granting attorneys' fees under 28 U.S.C. § 2202 is warranted.

Plaintiff has submitted an affidavit by James R. Richards, Associate Regional Casualty Claims Manager for Plaintiff, as well as copies of checks and invoices indicating expenses incurred in connection with the counterclaim (Ex. D). The Court has reviewed these documents and finds that the fees requested by Plaintiff are reasonable. Therefore, the Court will grant Plaintiff's request for $110,549.87 in attorneys' fees and expenses.

Plaintiff also argues that it is entitled to interest on the Judgment as assessed by the money judgment interest rates in Michigan, compounded annually, dating back from July 31, 2003, the date on which the Court entered its Judgment granting Plaintiff attorneys' fees. In support of its Motion, Plaintiff cites to *Omaha*, 687 F. Supp. at 505. However, in that case, the Court found that interest runs from the date of a money judgment. Because the Judgment previously entered by the Court was not a money judgment, the Court finds that interest runs only from the date of the current Judgment.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Further Relief (Dkt. No. 55) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that attorney fees and costs in the amount of $110,549.87 are awarded in favor of Plaintiff, The Cincinnati Insurance Companies and against Defendant, Interlochen Center for the Arts.

**IT IS FURTHER ORDERED** that the Judgment of July 31, 2003, is **AMENDED** as of this date to include such award.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
November 17, 2003  RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE